UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21212-CV-BLOOM
(15-20820-CR-BLOOM)
MAGISTRATE JUDGE REID

KHALED ELBEBLAWY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

This action was filed under 28 U.S.C § 2255. [Cv-ECF No. 1]. A jury convicted Elbeblawy of conspiracy to commit healthcare and wire fraud and conspiracy to defraud the United States and pay healthcare kickbacks. [*Id.* at 1].

The court sentenced Elbeblawy to 240 months' imprisonment, entering his judgment of conviction on August 31, 2016. [Cr-ECF No. 170 at 1]. On August 7, 2018, the Eleventh Circuit affirmed Elbeblawy's conviction and sentence, but vacated the district court's forfeiture order. [Cr-ECF No. 183 at 4-5, 13, 32]. On March 18, 2019, the U.S. Supreme Court denied Elbeblawy's petition for a writ of certiorari. [Cr-ECF No. 184 at 1].

On February 24, 2020, the district court entered an amended forfeiture judgment. [Cr-ECF No. 201]. Elbeblawy filed a notice of appeal and the appeal is

pending in the United States Court of Appeals for the Eleventh Circuit. [Cr-ECF Nos. 202-03; Cv-ECF No. 1 at 3].

The instant § 2255 motion was docketed on March 19, 2020. [ECF No. 1 at 1]. In ground one, the motion states "Ineffective Assistance of Counsel" without any supporting facts. [*Id.* at 4]. In ground two, the motion states "Sentence Imposed in Violations of Statutes" without any supporting facts. [*Id.* at 5].

The motion is not signed or dated by Elbeblawy. [*Id.* at 12]. Under the section of the form that says "If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion," the following typewritten language appears: "The Petitioner contracted authorized [sic] the above signed commercial entity[] Research Assistance, Inc[.], to prepare and file a computer expert copy [sic] of this petition." [*Id.*]

The envelope in which the motion was mailed bears Elbeblawy's handwritten return address and a U.S. Postal Service certified mail receipt. [Cv-ECF No. 1 at 19]. A search of the receipt's tracking number on the U.S. Postal Service's website indicates that the motion was submitted to prison authorities for mailing no later than March 17, 2020. *See* https://www.usps.com/manage/ (searching tracking number "7009 2820 0001 7395 3929"); *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."

2

(citations omitted)); *Beckley v. City of Atlanta, Ga.*, No. 1:16-CV-1435-MHC, 2017 WL 6460300, at *4 (N.D. Ga. Oct. 18, 2017) ("[A] district court may take judicial notice of public records . . . which are published by federal agencies." (citations omitted)).

"A defendant may not seek collateral relief while his direct appeal is pending." *See United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). Where the defendant files a § 2255 motion during the pendency of a direct appeal, the district court usually must dismiss the motion without prejudice. *See id.*

Here, the § 2255 motion alleges "Ineffective Assistance of Counsel" and that Elbeblawy's "Sentence [Was] Imposed in Violations of Statutes," either of which ground may implicate issues pertaining to the amended forfeiture money judgment still pending on appeal. Therefore, because Elbeblawy's direct appeal of said judgment is pending, the § 2255 motion is premature.

The undersigned recognizes that "dismissal without prejudice [may have] the effect of a dismissal with prejudice, because of the impact of the § 2255(f)(1) [one-year] time-bar." *Hilel v. United States*, 444 F. App'x 419, 420 (11th Cir. 2011) (per curiam). This is because the record indicates that the motion was filed around March 17, 2020, almost one year to the day after the U.S. Supreme Court denied review of Elbeblawy's judgment of conviction. Therefore, "extraordinary circumstances exist in this case sufficient to warrant an exception to the general rule governing § 2255

motions filed during a pending appeal, and to justify a stay." *Montas v. United States*, No. 14-20433-CR, 2016 WL 269891, at *4 (S.D. Fla. Jan. 22, 2016).

Accordingly, it is recommended:

1. That this case be STAYED and ADMINISTRATIVELY CLOSED.

2. That Elbeblawy be ordered to notify the district court within **fourteen (14) days** of the Eleventh Circuit's issuance of its mandate in Case No. 20-10769 so that the court may lift the stay and order Elbeblawy to file a legally sufficient and properly verified § 2255 motion.[1]

3. That Elbeblawy be cautioned that the failure to timely file the notification described in the previous paragraph will result in dismissal of the instant § 2255 motion without prejudice, which in turn will likely result in any further § 2255 motion being dismissed with prejudice as untimely.

SIGNED this 27th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Khaled Elbeblawy

---

[1] While Elbeblawy may consult with other inmates regarding the preparation of any amended motion, he "cannot be *represented* by a nonlawyer [such as 'Research Assistance, Inc.']" *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (emphasis added).

08071-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE


Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov