UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21212-BLOOM

KHALED ELBEBLAWY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner Khaled Elbeblawy's ("Petitioner") Motion to Correct Calculation of Time Pursuant to 28 U.S.C. § 2255(f)(1), ECF No. [12] ("Motion"). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On August 31, 2016, the Court sentenced Petitioner to 240 months' imprisonment and entered his judgment of conviction. Cr-ECF No. [170]. On the same date, the Court entered an order of forfeiture. Cr-ECF No. [171]. On September 5, 2018, the Eleventh Circuit affirmed Petitioner's conviction and sentence but vacated the Court's forfeiture order. Cr-ECF No. [183] at 4-5, 13, 32. On March 18, 2019, the Supreme Court denied Petitioner's writ of certiorari challenging his conviction. Cr-ECF No. [184].

On February 24, 2020, the Court entered an amended forfeiture order. Cr-ECF No. [201]. On February 2, 2021, the Eleventh Circuit affirmed the Court's amended forfeiture order. Cr-ECF No. [227]. On June 7, 2021, the Supreme Court denied Petitioner's writ of certiorari challenging

his amended forfeiture order. Cr-ECF No. [228]. On October 4, 2021, this Court ordered Petitioner to file a legally sufficient and properly verified § 2255 motion no later than November 4, 2021.

Petitioner contends that the correct date to file a legally sufficient and properly verified § 2255 motion is June 7, 2022, not November 4, 2021. Petitioner cites *Clay v. United States*, where the Supreme Court determined that when a federal prisoner files a petition for a writ of certiorari following affirmance on direct appeal, the judgment becomes final on the day that the Supreme Court either denies certiorari or affirms on the merits. 537 U.S. 522, 527 (2003). Petitioner's argument rests on the contention that the Supreme Court's denial of his writ of certiorari challenging his amended forfeiture order on June 7, 2021, started the 1-year period of limitation to file his amended § 2255 motion.

However, 28 U.S.C. § 2255(f)(1) states that the 1-year period of limitation will run from "the date on which the judgment of conviction becomes final." In this case, the judgment of conviction became final when the Supreme Court denied Petitioner's first writ of certiorari challenging his conviction on March 18, 2019. The subsequent amended forfeiture order, appeal, and denial of certiorari were in regard to his amended forfeiture order, not his judgment of conviction. As such, the 1-year limitation started on March 18, 2019, when the Supreme Court denied Petitioner's writ of certiorari challenging his conviction.

Because Plaintiff submitted his § 2255 motion on March 17, 2020, *see* ECF No. [5] at 2, his § 2255 motion was timely. Furthermore, because the Court stayed the case pending Petitioner's appeal of the amended forfeiture order, the Court finds that the doctrine of equitable tolling applies for Petitioner to file a legally sufficient and properly verified § 2255. *See Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999) (finding that "§ 2255's period of limitations may be equitably tolled").

Case No. 20-cv-21212-BLOOM

Under the doctrine of equitable tolling, the Court finds that the November 4, 2021, deadline gives Petitioner sufficient extra time to file a legally sufficient and properly verified § 2255 motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Correct Calculation of Time, **ECF No. [12]**, is **DENIED**. Petitioner shall file a legally sufficient and properly verified § 2255 motion as indicated in Judge Reid's Report, ECF No. [5] at 2, **no later than November 4, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 14, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Khaled Elbeblawy, 08071-104
Miami FDC – Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101