UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21212-BLOOM

KHALED ELBEBLAWY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ON MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1

**THIS CAUSE** is before the Court upon Petitioner Khaled Elbeblawy's ("Petitioner") Motion for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1, ECF No. [18] ("Motion"), filed on November 3, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

On August 31, 2016, in the related criminal case against Petitioner, 1:15-cr-20820-BB, the Court sentenced Petitioner to 240 months' imprisonment and entered his judgment of conviction. Cr-ECF No. [170]. On the same date, the Court entered an order of forfeiture. Cr-ECF No. [171]. On September 5, 2018, the Eleventh Circuit affirmed Petitioner's conviction and sentence but vacated the Court's forfeiture order. Cr-ECF No. [183] at 4-5, 13, 32. On March 18, 2019, the Supreme Court denied Petitioner's writ of certiorari challenging his conviction. Cr-ECF No. [184]. Petitioner timely submitted his § 2255 motion on March 17, 2020, the last day of the 1-year period of limitation to file his § 2255 motion. *See* ECF No. [5] at 2.

Case No. 20-cv-21212-BLOOM

On February 24, 2020, before Petitioner submitted his § 2255 motion, the Court entered an amended forfeiture order. Cr-ECF No. [201]. Petitioner subsequently appealed the amended forfeiture order. Cr-ECF No. [202]. On May 19, 2020, due to the pending appeal of the amended forfeiture order, the Court stayed Petitioner's § 2255 motion pending his appeal, noting that upon the resolution of his appeal, Petitioner would be required to file a legally sufficient and properly verified § 2255 motion. ECF No. [7]. On February 2, 2021, the Eleventh Circuit affirmed the Court's amended forfeiture order. Cr-ECF No. [227]. On June 7, 2021, the Supreme Court denied Petitioner's writ of certiorari challenging his amended forfeiture order. Cr-ECF No. [228]. As such, on October 4, 2021, this Court ordered Petitioner to file a legally sufficient and properly verified § 2255 motion no later than November 4, 2021. ECF No. [11]. In effect, the Court granted additional time to file an amended § 2255 motion under the doctrine of equitable tolling, even though Petitioner's 1-year period of limitation, which started with the Supreme Court's first denial of Petitioner's writ of certiorari, had elapsed. *See id.*

On October 12, 2021, Petitioner filed a Motion to Correct Calculation of Time Pursuant to 28 U.S.C. § 2255(f)(1), ECF No. [12] ("Motion to Correct Calculation"). Petitioner argued that the correct date to file a legally sufficient and properly verified § 2255 motion was June 7, 2022, not November 4, 2021. Petitioner's argument rested on the contention that the Supreme Court's denial of his writ of certiorari challenging his amended forfeiture order on June 7, 2021, started the 1-year period of limitation to file his amended § 2255 motion. *See id.*

On October 14, 2021, the Court denied the Motion to Correct Calculation. ECF No. [13]. In denying the Motion to Correct Calculation, the Court noted that 28 U.S.C. § 2255(f)(1) states that the 1-year period of limitation shall run from "the date on which the judgment of conviction becomes final." *See id.* at 2. In this case, the judgment of conviction became final when the

2

Supreme Court denied Petitioner's first writ of certiorari challenging his conviction on March 18, 2019. *See id.* The subsequent amended forfeiture order, appeal, and denial of certiorari were in regard to his amended forfeiture order, not his judgment of conviction. *See id.* The Court reiterated in its Order that the November 4, 2021, deadline gave Petitioner sufficient extra time to file a legally sufficient and properly verified § 2255 motion under the doctrine of equitable tolling. *See id.* at 2; *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999) (finding that "§ 2255's period of limitations may be equitably tolled"). Petitioner filed an appeal of the Court's Order denying his Motion to Correct Calculation. ECF No. [14].

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 62.1 authorizes district courts to issue an indicative ruling on a pending motion that implicates issues under consideration on appeal. *See* Fed. R. Civ. P. 62.1(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."). "Rule 62.1 applies only when those rules deprive the district court of authority to grant relief without appellate permission." Fed. R. Civ. P. 62.1 advisory committee's note to 2009 adoption.

**III.    ANALYSIS**

In the instant Motion, Petitioner requests pursuant to Rule 62.1 that the Court "reset the briefing schedule in such a discretionary manner as to accommodate the physical and language barriers" and "direct the Clerk of Court to provide one (1) copy of all transcripts from all proceedings[.]" ECF No. [18] ¶ 15. The Court considers each relief sought in turn.

In regard to the first relief sought, Petitioner, in effect, seeks the same relief that is currently on appeal—namely, that the Court equitably toll the 1-year period of limitations for § 2255 and grant an extension of time to file a legally sufficient and properly verified § 2255 motion. *See* ECF Nos. [14], [18]; *see also* ECF No. [13]. Because the issue of equitable tolling has been appealed, the Court would ordinarily be powerless to continue. *See Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction . . .") (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999)).[1] However, the Court considers the relief sought pursuant to its authority under Rule 62.1. *See* Fed. R. Civ. P. 62.1(a).

Petitioner raises two arguments to support his request for additional time. First, Petitioner states that pandemic lockdowns and limited access to the law library warrant additional equitable tolling. ECF No. [18] ¶¶ 8, 9. However, the Eleventh Circuit has decided that equitable tolling for § 2255's period of limitations is appropriate only when there are "extraordinary circumstances" that are both beyond a petitioner's control and unavoidable even with diligence. *See Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Eleventh Circuit has determined that prison lockdowns that limit access to the prison law library are not extraordinary circumstances. *See Akins v. U.S.*, 204 F.3d 1086, 1090 (11th Cir. 2000). Furthermore, Petitioner notes in his Motion that the library has been "partial[ly] re-open[ed]" since July 2021. ECF No. [18] ¶ 9. Therefore, the Court determines that the pandemic lockdown and partial access to the library do not warrant equitable

---

[1] While there are some exceptions to this general rule, the Motion asks for the use of the Court's discretion to adjust the briefing schedule, which necessarily implicates the subject of Petitioner's pending appeal. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) ("The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded."); *Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723 (11th Cir. 2016) (same).

tolling. Second, Petitioner argues that his limited English language abilities warrant additional equitable tolling. *See id.* ¶¶ 10, 11. However, the Eleventh Circuit has stated that difficulties with the English language are not extraordinary circumstances that justify equitable tolling. *U.S. v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). In light of Eleventh Circuit precedent, the Court does not consider Petitioner's alleged physical and language barriers to constitute extraordinary circumstances that warrant additional tolling.

Petitioner also requests that the Court direct the Clerk of Court to provide "one (1) copy of all transcripts from all proceedings (as identified on the transcript request forms [ECF No. ___][.]" ECF No. [18] ¶ 15. The Court determines that the request for transcripts is not properly before the Court pursuant to Rule 62.1. As noted above, Rule 62.1 only allows the Court to entertain a motion that it cannot grant because the relief sought is subject to a pending appeal. Fed. R. Civ. P. 62.1(a). Petitioner's appeal does not pertain to the request for transcripts. ECF No. [14]. As such, the Court cannot consider the relief requested in a motion filed pursuant to Rule 62.1.

Furthermore, even if the Court were to consider the Petitioner's request for transcripts apart from Rule 62.1, the Eleventh Circuit has determined that, once an appeal is pending, "[t]he district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990). In this case, it is evident that the requested relief will not aid the appeal. According to the Fed. R. App. P. 10(b), Petitioner must separately request transcripts in aid of his appeal. *See* Fed. R. App. P. 10(b); *see also* 11th Cir. R. 10-1. Given the Eleventh Circuit's Local Rules that establish the proper procedure for Petitioner to request transcripts, granting the requested relief in this case would merely circumvent the Eleventh Circuit's Local Rules and would not act in aid of the appeal. *See* 11th Cir. R. 10-1. It

Case No. 20-cv-21212-BLOOM

is also apparent that the relief requested would not correct a clerical mistake and Petitioner does not allege a clerical mistake in regard to his transcript request. *See generally* ECF No. [18]. Finally, granting the requested relief would not aid the execution of a judgment that has not been superseded because there is no pertinent judgment that has not been superseded in this case.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Indicative Ruling, **ECF No. [18]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 8, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Khaled Elbeblawy
08071-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE