UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21212-BLOOM

KHALED ELBEBLAWY,
**Petitioner,**

v.

UNITED STATES OF AMERICA,
**Respondent.**
_____/

**UNITED STATES' RESPONSE TO LIMITED ORDER TO SHOW CAUSE**

Comes now, the United States of America, and files this response to the Court's Limited Order to Show Cause addressing whether Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 27) ("Amended Motion") is timely.

Petitioner's Amended Motion is untimely. In support of its position, the Government states as follows:

### I. BACKGROUND

**A.    Relevant Procedural History**

On August 31, 2016, the Court sentenced Petitioner, in the related criminal case against Petitioner, 1:15-cr-20820-BB, to 240 months' imprisonment and entered his judgment of conviction for the offenses of conspiracy to commit healthcare and wire fraud and conspiracy to defraud the United States and pay healthcare kickbacks. [Cr-ECF No. 170]. On September 5, 2018, the Eleventh Circuit affirmed Petitioner's conviction and sentence, but vacated the district court's forfeiture order. [Cr-ECF No. 183]. On March 18, 2019, the U.S. Supreme Court denied Petitioner's petition for a writ of certiorari. [Cr-ECF No. 184]. On February 24, 2020, the district

1

court entered an amended forfeiture judgment. [Cr-ECF No. 201]. Petitioner then appealed the amended forfeiture judgment. [Cr-ECF No. 202]. Petitioner submitted his § 2255 motion on March 17, 2020, and it was filed on March 19, 2020. [ECF. No. 1].

On April 27, 2020, Petitioner's § 2255 motion was stayed and administratively closed by the Report of Magistrate Judge entered by Magistrate Judge Reid for the pendency of Petitioner's direct appeal of the amended forfeiture order. [ECF 5]. Magistrate Judge Reid ordered Petitioner "to notify the district court within fourteen (14) days of the Eleventh Circuit's issuance of its mandate in Case No. 20-10769 so that the court may lift the stay and order [Petitioner] to file a legally sufficient and properly verified § 2255 motion." [ECF No. 5 at 4]. Additionally, Petitioner was "cautioned" by Magistrate Judge Reid that his "failure to timely file the notification described in the previous paragraph will result in dismissal of the instant § 2255 motion without prejudice, which in turn will likely result in any further § 2255 motion being dismissed with prejudice as untimely." [ECF No. 5 at 4]. On May 19, 2020, this Court entered an Order Adopting Report of Magistrate Judge. [ECF No. 7].

On February 2, 2021, the Eleventh Circuit affirmed the Court's amended forfeiture order. [Cr-ECF No. 227]. On June 7, 2021, the U.S. Supreme Court denied Petitioner's writ of certiorari challenging his amended forfeiture order. [Cr-ECF No. 228]. As a result, on October 4, 2021, this Court ordered Petitioner to file a legally sufficient and properly verified § 2255 motion no later than November 4, 2021. [ECF No. 11].

On October 12, 2021, Petitioner filed a Motion to Correct Calculation of Time Pursuant to 28 U.S.C. 2255 (f)(1) regarding the ECF [11] Order. [ECF No. 12]. This Court entered an Order denying Petitioner's Motion to Correct Calculation of Time on October 14, 2021. [ECF No. 13]. In response, Petitioner filed a Notice of Appeal on October 21, 2021, ("Interlocutory Appeal")

appealing this Court's Order denying Petitioner's Motion to Correct Calculation of Time. [ECF No. 14]. The U.S. Court of Appeals acknowledged receipt of the Interlocutory Appeal. *See* [ECF 17]. On November 3, 2021, Petitioner filed a Motion for Indicative Ruling stating equitable reasons for additional tolling. [ECF No. 18]. On November 8, 2021, this Court entered an Order denying Petitioner's Motion for Indicative Ruling. [ECF No. 19]. The U.S. Court of Appeals entered an Order on March 23, 2022, dismissing the Interlocutory Appeal due to lack of jurisdiction. [ECF No. 26].

**B.    The Instant Motion**

On June 10, 2022, Petitioner filed his Amended Motion. [ECF No. 27].

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(f), a movant must file their § 2255 motion within a one-year period that runs "from the latest of" the following dates:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### III.     ARGUMENT

**A.     Petitioner's Amended Motion is Untimely under 28 U.S.C. § 2255**

Under 28 U.S.C. § 2255(f)(1), Petitioner was required to file his § 2255 motion within one year from the time the judgment of conviction became final. Because Petitioner appealed his judgment, the judgment of conviction became final on March 18, 2019, when the U.S. Supreme Court denied Petitioner's first writ of certiorari challenging his conviction. *See id; see also* [CR-ECF No. 184 and ECF Nos. 13 and 19]. Petitioner's subsequent appeal and denial of certiorari were in regard to his amended forfeiture order and not Petitioner's judgment of conviction. *See* [Cr-ECF Nos. 202-03 and ECF No. 13]. "Here, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, Petitioner's one-year filing limitation started on March 18, 2019. *See id.; see also* [ECF No. 13]. Petitioner timely submitted his first § 2255 motion, which was not legally sufficient nor properly verified, on March 17, 2020. *See* [ECF Nos. 5 and 13].

Although Petitioner's one-year period of limitations had elapsed, this Court granted Petitioner additional time to file an amended § 2255 motion by November 4, 2021, under the doctrine of equitable tolling. *See* [ECF Nos. 11, 13, and 19]. Petitioner did not file his amended § 2255 motion by this Court's November 4, 2021, deadline. Petitioner's Interlocutory Appeal is not an event that triggers 28 U.S.C. § 2255(f). Thus, Petitioner's Amended Motion is untimely under 28 U.S.C. § 2255, and this is conceded by Petitioner. *See* [ECF No. 27].

**B.     Petitioner's Interlocutory Appeal is not an Equitable Exception**

Although Petitioner concedes that his Amended Motion is untimely, he argues that the filing deadline was "equitably tolled during the pendency of the interlocutory appellate

4

proceedings in Appeal No. 21-13694-G." *Id*. at 11. Petitioner offers no further argument in his Amended Motion to support an equitable exception for his untimely filing. *See id.*

The Eleventh Circuit Court of Appeals found that § 2255's one-year period of limitations may be equitably tolled. *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling for § 2255 is appropriate only when a movant untimely files because of "extraordinary circumstances" that are both beyond the movant's control and unavoidable even with diligence. *Id*. Thus, Petitioner must show that his Amended Motion was filed untimely due to extraordinary circumstances that (1) were beyond Petitioner's control, and (2) unavoidable even with diligence. *See id.*

First, Petitioner's Interlocutory Appeal is not an extraordinary circumstance beyond his control. Petitioner did not provide specific allegations explaining why the Interlocutory Appeal "stood in his way" or "prevented timely filing" of the Amended Motion. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014). Petitioner provided a conclusory allegation to support his entitlement to equitable tolling. Furthermore, it should be noted that there were no court orders from the Interlocutory Appeal staying proceedings in the district court that could have caused Petitioner to confuse or miscalculate the filing deadline. "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Additionally, this Court's November 8, 2021, Order denying Petitioner's

Motion for Indicative Ruling reaffirmed the November 4, 2021, deadline for the amended § 2255 motion. [ECF No. 19]. Finally, Petitioner's Interlocutory Appeal of this Court's order reaffirming the November 4, 2021, deadline for his § 2255 motion should not be used as a tool to cause further delay.

Second, Petitioner did not exercise due diligence in preserving his legal rights by timely filing the Amended Motion by November 4, 2021. Even if Petitioner's Interlocutory Appeal is determined to be an extraordinary circumstance, Petitioner fails to demonstrate a causal relationship between the Interlocutory Appeal and the lateness of his filing. *See Vasquez v. United States*, 733 F. Supp. 2d 452, 456 (S.D.N.Y. 2010). If Petitioner had acted with reasonable diligence, he could have filed on time notwithstanding the Interlocutory Appeal. *See id.* "[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96. Petitioner's one-year period of limitations for the § 2255 motion expired on March 18, 2020. On April 27, 2020, and again on May 19, 2020, this Court placed Petitioner on notice that he would be required to file a "legally sufficient and properly verified" § 2255 motion. *See* [ECF Nos. 13 and 19]. Thus, Petitioner had a substantial period of time beyond the one-year period of limitations, specifically between April 27, 2020, and the Court's extended due date of November 4, 2021, to prepare the amended § 2255 motion. Petitioner filed the Amended Motion on June 10, 2022, more than seven months after this Court's deadline. *See* [ECF No. 27]. Petitioner's late filing of the Amended Motion on June 10, 2022, demonstrates that Petitioner did not act diligently to preserve his rights.

Therefore, Petitioner's Interlocutory Appeal is not an equitable exception that provides grounds for further tolling in this case. Petitioner failed to establish the extraordinary

circumstances necessary to support equitable tolling and failed to exercise due diligence to preserve his rights.

## IV.    CONCLUSION

For the reasons above, Petitioner's Amended Motion is untimely, and the Government respectfully requests this Court DISMISS Petitioner's Amended Motion as time-barred.

Respectfully submitted,

LORINDA I. LARYEA
ACTING CHIEF
FRAUD SECTION

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Dated: July 13, 2022                                By:   /s/  Meredith Hough

Special Bar ID No. A5502915
FL Bar No. 111553
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
12020 Miramar Parkway
Miramar, FL 33025
Meredith.Hough@usdoj.gov
Cell: (202) 957-2924

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on July 13, 2022, and a copy was mailed to the Petitioner at Khaled Elbeblawy, 08071-104, Miami FCI, Federal Correctional Institution, Inmate Mail/Parcels, Post Office Box 779800, Miami, FL 33177.

/s/ Meredith Hough
Trial Attorney