

United States District Court
For The Southern District Of Florida

Khaled Elbeblawy,
    Plaintiff,

v.                                  Case No.: 1:20-CV-21212-BB

United States Of America,
    Defendant.
_____/

## Plaintiff's Response To Limited Order To Show Cause

**Comes Now**, Khaled Elbeblawy ("the plaintiff"), and files this, his Plaintiff's Response to Limited Order to Show Cause (ECF No. 29). The Plaintiff avers the filing of his amended pleadings was timely. Based on the arguments and citations of authority set forth below, Mr. Elbeblawy respectfully moves this Court for the entry of an order to find his amended pleadings were timely, and direct the United States to Show Cause why the Amended Motion to Vacate [ECF No. 27] should not be GRANTED.

### Statement Of Undisputed Material Facts

1. This Court made a finding of fact [ECF No. 13] that the filing of the Motion to Vacate [ECF No. 1] on March 17, 2020, was timely for the purpose of the 1 year statutory limitation of filing motions under Title 28 U.S.C. §2255.

2. This Court made a finding of law that the filing of a Notice of Appeal ("NOA") and the pendency of an appeal constituted grounds for the application of the equitable tolling doctrine to the filing of amended pleadings to a previous timely filed motion under §2255 <u>Id.</u> at 2.

3. On October 21, 2121, the date the NOA was filed: (a) this Court was divested of jurisdiction over this matter; and (b) fourteen (14) days remained under this Court's standing order to file amended pleadings upon the conclusion of the interlocutory appeal.

4. On June 01, 2022, Mr. Elbeblawy was served notice of the dismissal of the interlocutory appeal from the United States Court of Appeals for the Eleventh Circuit. See Exhibit "A".

5. On June 08, 2022, seven (7) days later the Plaintiff timely filed his amended pleadings as ordered by this Court, seven (7) days BEFORE this Court's deadline.(1)

### Arguments and Citations of Authority

6. The United States' Response [ECF No.31] was without merit, and as set forth below should be DENIED.

7. This Court has already established the relevant findings of fact and law, wherein the only pleading subject to the 1 year statutory deadline under §2255, was, in fact, timely filed. See Order [EDF No.13] at 2 ("Because Plaintiff submitted his §2255 Motion on March 17, 2020, [the] motion was timely"). The Untied States' argument that a subsequent amendment to a timely filed motion would be subject §2255's 1 year statutory limitation is without bases in law.

8. Secondarily, the United States' assertion that the Plaintiff need make a threshold showing for the application of the equitable tolling doctrine was equally misplaced and unsupported by either the facts of this case or the applicable law. As a matter of law and a finding of fact, it was this Court that found that the application of the equitable tolling doctrine was appropriate. See Id. at 2, ("the Court finds that the doctrine of equitable tolling applied for the Petitioner...")..

---

(1) The Amended Motion to Vacate and the accompanying Memorandum of Law were filed under the prison mailbox rule on June 08, 2022. Notwithstanding the brief mailing delay, the pleadings were entered on the docket by the Clerk of Court on June 10, 2022.

9. Notwithstanding the United States' conflation of standards and applicable law, the fundamental question posed by this Court was, did the Plaintiff's amended pleadings fall within the equitable tolling period set forth by this Court.

10. This Court's standing Order [ECF No. 13] established both a period and a date for the filing of the Plaintiff's amended pleadings. The Plaintiff and this Court differed in their positions as to the adequacy of the time under the prevailing circumstances as allotted by this Court. Therein, the Plaintiff properly exercised his lawful right to seek the review of this Court's decision.

11. It is well-established law that once a notice of appeal is filed, the district court is divested of jurisdiction over the matter, with a narrow band of exceptions, none of which were applicable to this case. See United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013)(holding "the filing of a notice of appeal divests district court of jurisdiction to take any action with regard to the matter except in aid of the appeal."); see also Fed. R. Crim. P. 58, Note I(2)(3), "notice of appeal divest District Court of jurisdiction over matter appealed from judgment"; Alling v. America Tool & Grinding Co., 96 F.R.D. 221, 37 Fed. R. Serv. 2d (Callaghan) 1150 (D. Colo. 1982); Fed. R. Crim. P., Vol. 28, Chap. 671, Federal Habeas Corpus §671.02, "timely filing of notice of appeal would have tolled limitations period." Citing Swartz v. Meyers, 204 F. 3d 417, 420-424 (3rd Cir. 2000).

12. The final evaluation of the application of this Court's Order comes through the intercalcation of the intervening period of the interlocutory appeal. This Court's Order issued on October 04, 2021, and established a period of thirty-one (31) days for the Plaintiff to file his amended pleadings. The Plaintiff timely filed his NOA [ECF No. 14] on October 21, 2021, eighteen (18) days into the 31 days set forth by this Court.

13. Put simply, "timely filing of notice of appeal would have tolled [the] limitation period" of this Court's standing order. Id. at 420-424. As such, Mr. Elbeblawy had fourteen (14) days remaining upon the conclusion of the interlocutory appeal (minimally) in which to timely file his amended pleading and remain in full compliance with this Court's order.

14. The alacrity with which the Plaintiff acted was evidenced by the record. Mr. Elbeblawy was served notice of the dismissal of the interlocutory appeal by the Clerk of the Eleventh Circuit Court of Appeals on June 01, 2022. See Exhibit "A". Therefore, the Plaintiff timely filed his amended pleadings on June 08, 2022, BEFORE the expiration of the 31 day period established by this Court.

## Conclusion

The challenge raised by the United States should properly be DENIED. The United States' arguments constituted less than a "red herring" protestation. Moreover, the basis of the United States' position conflates statutory filing deadlines with discretionary-court created-deadlines. The United States' plainly misstated the facts of the case, ignored the predicate F.R.C.P., and the case law precedent that is relevant to this matter.

**WHEREFORE**, in view of the foregoing arguments and citations of authority, the Plaintiff respectfully moves this Court for the entry of an order to find the Plaintiff's amended pleadings timely filed, and to direct the United States to file a Response on the merits of the Amended to Vacate [ECF No. 27].

Date: July 21, 2022

Respectfully Submitted,

_____
Khaled Elbeblawy
USM No. 08071-104
Plaintiff
Federal Correctional Institution
PO BOX 779800
Miami, FL. 33177

United States District Court
For The Southern District Of Florida

Case No. 1:20-CV-21212-BB

Certificate Of Service

I HEREBY CERTIFY that the enclosed:

PLAINTIFF'S RESPONSE TO LIMITED ORDER TO SHOW CAUSE

All parties noticed for service in this matter pursuant to FLSD Local Rule 5.2, Fed. R. Civ. P. 5(a) and 5(b)(2)(E) are served pursuant to FLSD Administrative Procedures Section 3b


DATED: July 21, 2022

_____
Khaled Elbeblawy
Plaintiff
USM No. 08071-104
Federal Correctional Institution
PO BOX 779800
Miami, FL. 33177

PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL    FLAT RATE ENVELOPE POSTAGE REQUIRED



# PRIORITY® MAIL

**FROM:**

08071-104
Khaled Elbeblawy
Federal Correctional Institution
P.O. BOX 779800
Miami, FL 33177
United States

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

USMS INSPECTED
BY _____

**TO:**

**United States District Court**
*For the Southern District of Florida
United States Federal Courthouse
400 North Miami Avenue, RM: 8N09.
Miami, FL 33128-7716*

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

UNITED STATES POSTAL SERVICE®

USPS TRACKING #



9114 9014 9645 0058 1697 81

14F May 2020
12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP