UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21212-BLOOM
(Case No. 15-cr-20820-BLOOM)

KHALED ELBEBLAWY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL ON AMENDED MOTION UNDER 22 U.S.C. § 2255

**THIS CAUSE** is before the Court on Movant Khaled Elbeblawy's ("Elbeblawy" or "Petitioner") *pro se* Amended Motion Under 28 U.S.C. § 2255, ECF No. [27] ("Amended Motion") raising ineffective assistance of counsel challenges to his underlying criminal conviction in Case No. 15-cr-20820-BLOOM. The Court has carefully considered the Amended Motion and supporting Memorandum of Law, ECF No. [28], the Government's Response, ECF No. [31], Elbeblawy's Reply, ECF No. [32], the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Amended Motion is dismissed as untimely.

**I.   BACKGROUND**

On August 31, 2016, the Court sentenced Elbeblawy in his related criminal case, 15-cr-20820-BLOOM, to 240 months' imprisonment and entered his judgment of conviction for the offenses of conspiracy to commit healthcare and wire fraud and conspiracy to defraud the United States and pay healthcare kickbacks. *See* CR ECF No. [170].[1] On September 5, 2018, the

---

1 References to docket entries in Petitioner's criminal case, Case No. 15-20820-CR-BLOOM, are denoted with "CR ECF No."

Eleventh Circuit affirmed Elbeblawy's conviction and sentence, but vacated the district court's forfeiture order. *See* CR ECF No. [183]. On March 18, 2019, the U.S. Supreme Court denied Elbeblawy's petition for a writ of certiorari. *See* CR ECF No. [184]. On February 24, 2020, the Court entered an amended forfeiture judgment, *see* CR ECF No. [201], which Petitioner then appealed. *See* CR ECF No. [202]. Petitioner docketed his initial Motion Under 28 U.S.C. § 2255 on March 19, 2020. *See* ECF No. [1].

On April 27, 2020, Petitioner's § 2255 motion was stayed and administratively closed by the Report of Magistrate Judge Lisette M. Reid for the pendency of Petitioner's direct appeal of the amended forfeiture order. *See* ECF No. [5]. Petitioner was ordered "to notify the district court within fourteen (14) days of the Eleventh Circuit's issuance of its mandate in Case No. 20-10769 so that the court may lift the stay and order [Petitioner] to file a legally sufficient and properly verified § 2255 motion." *Id*. at 4. Petitioner was additionally cautioned that his "failure to timely file the notification described in the previous paragraph will result in dismissal of the instant § 2255 motion without prejudice, which in turn will likely result in any further § 2255 motion being dismissed with prejudice as untimely." *Id.* On May 19, 2020, the Court entered an Order Adopting Report of Magistrate Judge. *See* ECF No. [7].

On February 2, 2021, the Eleventh Circuit affirmed the amended forfeiture order, *see* CR ECF No. [227], and on June 7, 2021, the U.S. Supreme Court denied Petitioner's writ of certiorari challenging his amended forfeiture order. *See* CR ECF No. [228]. Accordingly, on October 4, 2021, the Court ordered Petitioner to "file a legally sufficient and properly verified

§ 2255 motion" . . . "**no later than November 4, 2021**." ECF No. [11] at 2 (emphasis in original). [2]

On October 12, 2021, Petitioner docketed a Motion to Correct Calculation of Time Pursuant to 28 U.S.C. 2255(f)(1). *See* ECF No. [12]. The Court entered an Order denying the Motion on October 14, 2021, noting that "[u]nder the doctrine of equitable tolling, the Court finds that the November 4, 2021, deadline gives Petitioner sufficient extra time to file a legally sufficient and properly verified § 2255 motion." ECF No. [13] at 3. The Court once again ordered Petitioner to "file a legally sufficient and properly verified § 2255 motion" . . . "**no later than November 4, 2021**." *Id.* (emphasis in original). Petitioner failed to do so. Instead, on October 21, 2021, he filed a Notice of Appeal of the Court's Order denying his Motion to Correct Calculation of Time. *See* ECF No. [14] ("Interlocutory Appeal"). On October 26, 2021, the U.S. Court of Appeals acknowledged receipt of the Interlocutory Appeal. *See* ECF No. [17].

On November 3, 2021, Petitioner filed a Motion for Indicative Ruling stating equitable reasons for additional tolling. *See* ECF No. [18]. On November 8, 2021, the Court entered an Order denying Petitioner's Motion for Indicative Ruling. *See* ECF No. [19]. On March 23, 2022, the Eleventh Circuit entered an Order dismissing the Interlocutory Appeal due to lack of jurisdiction. *See* ECF No. [26].

Petitioner filed the instant Amended Motion on June 8, 2022.[3]

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). In the Amended Motion, the date provided in the prison mailbox stamp is unreadable. *See* ECF No. [27] at 13. However, Petitioner signed the Amended Motion on June 8, 2022. *See id*. at 12; *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary, like prison logs or other

## II.     DISCUSSION

### A.     The Amended Motion is Untimely

Under 28 U.S.C. § 2255(f), a movant must file their § 2255 motion within a one-year period that runs "from the latest of" the following dates:

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Petitioner does not assert that an unconstitutional government-created impediment to filing his Amended Motion existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Petitioner's judgment of conviction became final.

Because Petitioner appealed his judgment, the judgment of conviction became final on March 18, 2019, when the U.S. Supreme Court denied Petitioner's first writ of certiorari challenging his conviction. *See* CR ECF No. [184]. Petitioner's subsequent appeal and denial of certiorari were regarding his amended forfeiture order and not his judgment of conviction. *See* ECF Nos. [202–03]; *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ

---

records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.") (citation omitted).

4

of certiorari, or when the time for filing a certiorari petition expires."). Thus, Petitioner's one-year filing period started on March 18, 2019. Petitioner timely submitted his initial § 2255 motion on March 17, 2020. *See* ECF No. [1]. However, the initial motion was neither legally sufficient nor properly verified. *See* ECF Nos [5], [7], [13].

Although Petitioner's one-year limitations period had elapsed, on October 4, 2021, the Court granted Petitioner an additional month — until November 4, 2021 — to file an amended § 2255 motion. *See* ECF No. [11]; *see also* ECF No. [13] at 2–3 (clarifying that Petitioner was granted additional time under the doctrine of equitable tolling). Petitioner failed to do so. Instead, he opted to file a Motion to Correct Calculation of Time on October 12, 2021, *see* ECF No. [12], as well as the Interlocutory Appeal on October 21, 2021. *See* ECF No. [14]. Then, on November 3, 2021 —the day before the November 4, 2021 deadline — he filed a Motion for Indicative Ruling. *See* ECF No. [18]. Simply put, Petitioner spent the additional month filing other motions and appeals. Petitioner's litigious record shows that he had the ability to file an amended § 2255 motion by November 4, 2021, but he opted not to. Thus, the Amended Motion is untimely.

### B. Equitable Tolling is Not Warranted

Petitioner concedes that the Amended Motion is untimely. *See* ECF No. [27] at 11. As justification, he states that "the deadline for filing was equitably tolled during the pendency of interlocutory appellate proceedings in Appeal No. 21-13694-G." *Id.*

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Moreover, "[t]he petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014)

5

(citation omitted). The Government states that Petitioner fails to "provide specific allegations explaining why the Interlocutory Appeal 'stood in his way' or 'prevented timely filing' of the Amended Motion[,]" and further notes "that there were no court orders from the Interlocutory Appeal staying proceedings in the district court that could have caused Petitioner to confuse or miscalculate the filing deadline." ECF No. [31] at 5. The Court agrees.

As explained, the Court granted Petitioner additional time and ordered him multiple times to "file a legally sufficient and properly verified § 2255 motion" . . . "**no later than November 4, 2021**." ECF No. [11] at 2 (emphasis in original); ECF No. [13] at 3. Instead, he opted to use the additional grant of time to file a series of motions and appeals, none of which included an amended § 2255 motion. Then, on June 8, 2022 — 216 days past the November 4, 2021, deadline — Petitioner filed the Amended Motion. Petitioner has not provided specific allegations supporting equitable tolling. *See Cole*, 768 F.3d at 1158. And, on this record, the Court finds that no "unavoidable" or "extraordinary circumstances" exist to justify it. *See Sandvik*, 177 F.3d at 1271.

C.     **Certificate of Appealability**

A certificate of appealability ("COA") "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (alteration added). Where, as here, the court denies claims on procedural grounds, a COA should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Therefore, a COA is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Khaled Elbeblawy's Amended Motion Under 28 U.S.C. § 2255, **ECF No. [27]**, is **DISMISSED** as time-barred.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Elbeblawy is not entitled to appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Khaled Elbeblawy
08071-104
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE